**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ALEX PERRY NEAL,** | ) | |
| Petitioner, | ) | **No. 3:19-CV-2236-X (BH)** |
| **vs.** | ) | |
| | ) | |
| **THE STATE OF TEXAS,** | ) | |
| Respondent. | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petition for Writ of Error Coram Nobis*, received September 17, 2017

(doc. 1). Based on the relevant findings and applicable law, the petition should be **DISMISSED** for

lack of subject matter jurisdiction.

**I. BACKGROUND**

Alex Perry Neal  (Petitioner), who is no longer in custody, challenges his state conviction

in Cause No. 1998121006, which was tried in the 296th District Court of Collin County, Texas. (*See*

doc. 1 at 1.) The respondent is the State of Texas (Government). (*See id.*)

Petitioner claims that he has new evidence that will exonerate him. (*See id.*) In support, he

raises the following grounds:

(1) he was subjected to entrapment;

(2) his constitutional right to a speedy trial was violated;

(3) he was given an excessive bail; and

(4) the judge who presided over his case had a conflict of interest.

---

[1] Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

(*See id.* at 1-5.)

## II.  CORAM NOBIS

"[T]he writ of coram nobis is an extraordinary remedy to correct errors 'of the most fundamental character.'"  *United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004) (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)).  It is "'available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief.'" *Id.* (quoting *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir.1996)); *see also United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999) (It is a remedy of last resort for persons who are no longer in custody pursuant to a criminal conviction and hence unable to pursue direct review or seek collateral relief by filing a petition for writ of habeas corpus).  "Where a petitioner is still in federal custody, relief from a prior invalid conviction must be sought by means of § 2255; for coram nobis survives only to the extent that it has not been replaced by statute and, therefore, is open to a prisoner only when his statutory remedies are unavailable or inadequate." *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973). An individual may file a petition for writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a),[2] in the court in which he was convicted.  *See  Morgan*, 346 U.S. at 502; *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998).

Here, because it is not the court of conviction, this Court does not have jurisdiction to entertain the petition.  *See Morgan*, 346 U.S. at 504; *Dyer*, 136 F.3d at 422.  Petitioner was

---

[2]    Section 1651(a) provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

convicted in Collin County, which is located in the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3). Although 28 U.S.C. § 1631 permits a district court lacking jurisdiction to transfer a case to a district where the action could have been brought originally in the interest of justice, a transfer is not in the interest of justice in this case. Petitioner may challenge the collateral consequences of a *federal* conviction after his sentence is discharged through a writ of coram nobis, but he seeks to challenge a *state* conviction in this proceeding. "While a petitioner can challenge the collateral consequences of a state conviction after his sentence is discharged through a writ of coram nobis, such a writ must be filed in the state convicting court." *Campos-Conrrada v. Thaler,* No. 3:12-CV-4190-N-BH, 2012 WL 5845549, at *2 n. 2 (N.D. Tex. Oct. 23, 2012) (citing *Sinclair v. State of Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982)), *rec. adopted* 2012 WL 5844190 (N.D. Tex. Nov. 19, 2012); *see also Haddad v. Texas Atty General,* No. 3:13-CV-373-P, 2013 WL 3810772, at *2 (N.D. Tex. July 22, 2013); *Philip v. Thaler*, No. 3:12-CV-4289-P-BK, 2012 WL 6931649, at *2 n.3 (N.D. Tex. Dec. 21, 2012). "[A] federal court does not have the jurisdiction to grant *coram nobis* relief with respect to a state conviction." *Cardenas v. Quarterman*, No. 3:06-CV-1898-G, 2007 WL 3101746, at *1 (N.D. Tex. October 23, 2007).

## III. RECOMMENDATION

The petition for writ of error coram nobis should be **DISMISSED** for lack of subject matter jurisdiction.

**SO RECOMMENDED on this 3rd day of October, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4